**Slip Op. 12-**15

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **UNITED STATES**, |
| Plaintiff, |
| v. |
| **CALLANISH LTD.**, |
| Defendant. |

**Before:  Timothy C. Stanceu, Judge**

**Court No. 03-00658**

## OPINION AND ORDER

[Ordering an appraisal to determine the domestic value of the imported merchandise on which plaintiff seeks to recover a civil penalty through a default judgment]

Dated: February 1, 2012

*Domenique Kirchner*, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff.  With her on the brief were *Tony West*, Assistant Attorney General, and *Jeanne E. Davidson*, Director.  Of counsel on the brief was *Kevin B. Marsh*, Assistant Chief Counsel, U.S. Customs and Border Protection, of Buffalo, NY.

Stanceu, Judge: In this action brought under section 592 of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1592 (1988), plaintiff applies for a judgment by default against Callanish Ltd. ("Callanish"), a British corporation, upon a claim that Callanish, by means of fraud, introduced, or aided and abetted the entry or introduction of, certain merchandise into the commerce of the United States.  Pl.'s Request for Default J. as to Callanish Ltd. (May 12, 2011), ECF No. 28. The imported merchandise consisted of capsules of "evening primrose oil," a substance that is used as a dietary supplement but that, at the time of importations in question, could not be imported lawfully because it was not recognized as safe for that use by the U.S. Food and Drug

Administration.  First Amended Compl. ¶¶ 4-5 (July 31, 2009), ECF No. 16.  U.S. Customs and

Border Protection ("Customs") initiated a penalty action under section 592 of the Tariff Act

based on shipments of evening primrose oil imported on fifty-two consumption entries made

between September 1988 and March 1992.  *Id*. ¶¶ 10-12.  Plaintiff seeks to recover a civil

penalty "in the amount of $17,734,926," which plaintiff alleges to be the sum of the domestic

value of the merchandise on the fifty-two entries.  *Id*. ¶ 93.

Contrary to a previous order in this case and contrary to the Court's rules, plaintiff filed

an amended complaint ("Second Amended Complaint") without leave of court.  The court treats

the filing of that complaint as a motion for leave to amend the complaint, which the court grants.

Upon review of the new complaint and the instant motion, the court determines that a lawful

judgment by default cannot be entered because the court lacks a sufficient basis to determine *de

novo* a fact essential to the court's entering judgment: the domestic value of the merchandise on

which plaintiff bases its penalty claim.  In addition, the court concludes that the Second

Amended Complaint admits a fact that is inconsistent with plaintiff's representation that the

claimed domestic value of the merchandise was determined by means of an appraisal that was

conducted in accordance with law.  The court determines it appropriate to order the conducting

of a new appraisal of the merchandise.

## I. BACKGROUND

Background information on this case is included in the court's opinions in *United States

v. Scotia Pharmaceuticals Ltd*., 33 CIT __, __, Slip Op. 09-49, 3-6 (May 20, 2009) and *United

States v. Callanish Ltd.*, 34 CIT __, __, Slip Op. 10-124, 2-5 (Nov. 2, 2010).  Supplementary

information is provided herein.

### A.  Proceedings Conducted upon the Original Complaint

In its opinion and order in *Scotia Pharmaceuticals*, the court denied plaintiff's application

for judgment by default against Callanish because plaintiff failed to allege facts sufficient to

support a conclusion that Callanish had violated 19 U.S.C. § 1592.  *Scotia Pharm.*, 33 CIT at __,

Slip Op. 09-49 at 12.  The court concluded that the complaint "fails to attribute to Callanish any

material and false statement or act, or any material omission . . . such that the court could

conclude . . . that Callanish is liable for a civil penalty under 19 U.S.C. § 1592(a)(1)(A)."  *Id.*

at __, Slip Op. 09-49 at 12.  The court noted, further, that "the complaint does not allege, for

purposes of § 1592(a)(1)(B), that Callanish, specifically, aided and abetted any person to commit

specific acts or omissions that are within the scope of the conduct made unlawful by

§ 1592(a)(1)(A) . . . ."  *Id.* at __, Slip Op. 09-49 at 12.  The order issued in *Scotia*

*Pharmaceuticals* allowed plaintiff sixty days to file an amended complaint as a matter of course

and informed plaintiff that failure to do so would result in an order to show cause why the case

should not be dismissed.  *Id.* at __, Slip Op. 09-49 at 14.  The order also dismissed the complaint,

at plaintiff's request, with respect to two defendants upon which plaintiff had not obtained

service of process, Scotia Pharmaceuticals Limited and Quantanova, Canada, Ltd.  *Id.* at __, Slip

Op. 09-49 at 14.

### B.  Proceedings Conducted upon the First Amended Complaint

Plaintiff filed its First Amended Complaint on July 31, 2009, seeking to recover a civil

penalty from Callanish based on an allegation that "Callanish introduced, or aided or abetted the

entry or introduction of the merchandise, or the attempt to enter or introduce the merchandise . . .

into the commerce of the United States by means of fraud and in violation of 19 U.S.C. § 1592."

First Amended Compl. ¶ 92.  Plaintiff sought "a penalty in the amount of $17,734,926, which

represents the domestic value of the merchandise imported under cover of the 52 consumption

entries . . . ." *Id.* ¶ 93.  Plaintiff filed on January 8, 2010 a status report notifying the court that

plaintiff was able to obtain service of process by serving the First Amended Complaint on the

liquidator of Callanish.  Pl.'s Status Report (Jan. 8, 2010), ECF. No. 20.  The Clerk of the Court

entered Callanish's default on May 17, 2010, after which plaintiff applied, a second time, for a

judgment by default.  Pl.'s Request for Default J. as to Callanish Ltd. (May 19, 2010), ECF

No. 23.

      The court denied plaintiff's application for a default judgment in its opinion and order in

*Callanish*, 34 CIT at __, Slip Op. 10-124 at 7.  The court concluded that plaintiff had failed to set

forth in the First Amended Complaint, as a "well-pled fact," the domestic value of the

merchandise.  *Id.* at __, Slip Op. 10-124 at 7.  The court stated in *Callanish* that "the domestic

value of the merchandise is a fact essential to the court's *de novo* determination of the amount of

any penalty" but that "[t]he complaint lacks any well-pled fact concerning the domestic value of

the merchandise or how that value was determined."  *Id.* at __, Slip Op. 10-124 at 6-7.  The court

stated that "[t]he mere allegation of an amount offered as the 'domestic value,' absent anything

more, does not constitute a well-pled fact," *id.* at __, Slip Op. 10-124 at 7, and observed that the

domestic value of the merchandise as pled in the First Amended Complaint appeared to have

been derived "by doubling the amounts for entered value as set forth on entry summaries for the

importations that are the subject of this action," *id.* at __, Slip Op. 10-124 at 7 n.3.  In denying

the application for a default judgment, the court specified that "unless plaintiff moves within

sixty (60) days . . . for leave to file an amended complaint, plaintiff, upon entry of a further order,

shall be required to show cause why a judgment should not be entered dismissing this action."

*Id.* at __, Slip Op. 10-124 at 7.

C.  The Instant Application for Judgment by Default against Callanish

Plaintiff filed what it designated the Second Amended Complaint on December 22, 2010.

Second Amended Compl. (Dec. 22, 2010), ECF No. 25.  Plaintiff effected service of this

document upon the liquidator of Callanish on January 12, 2011.  Pl.'s Request for Entry of

Default 1 (Mar. 3, 2011), ECF No. 26.  On March 24, 2011, the Clerk of the Court entered

Callanish's default.  Order (Mar. 24, 2011), ECF No. 27.  Plaintiff filed the instant application

for a default judgment on May 12, 2011.  Pl.'s Request for Default J. as to Callanish Ltd.

(May 12, 2011), ECF No. 28.

**II.  DISCUSSION**

Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1582(1) (2006), grants the

court jurisdiction over this action to recover a civil penalty under section 592 of the Tariff Act.

Under section 592, the court determines all issues *de novo*, including the amount of any penalty.

19 U.S.C. § 1592(e)(1).  Section 592(c)(1) limits any penalty recovery to "an amount not to

exceed the domestic value of the merchandise."  *Id.* § 1592(c)(1).

The court concludes, first, that plaintiff has not complied with the order the court issued

in *Callanish*.  In denying the application for a default judgment, the court specified in *Callanish*

that "unless plaintiff moves within sixty (60) days . . . for leave to file an amended complaint,

plaintiff, upon entry of a further order, shall be required to show cause why a judgment should

not be entered dismissing this action."  34 CIT at __, Slip Op. 10-124 at 7.  Rather than move for

leave to file an amended complaint, plaintiff filed the Second Amended Complaint as a matter of

course.  Under USCIT Rule 15(a) as in effect on that date, plaintiff could amend its complaint as

a matter of course only once, and having already done so on July 31, 2009, was not authorized by

the Court's rules to do so again.[1]

It is apparent from the circumstances that plaintiff filed its Second Amended Complaint

in an attempt to comply with the order in *Callanish* and would have complied but for a

misinterpretation of the Court's rules or the court's order.  For these reasons, the court, in its

discretion, considers the filing of the Second Amended Complaint as a motion submitted under

USCIT Rule 15(a) for leave to amend the complaint.  The court grants this motion and accepts

the Second Amended Complaint as filed.

The court further concludes that the defect identified in *Callanish* has not been cured.  As

a result, the court remains "unable to determine the correct decision on the basis of the evidence

presented."  28 U.S.C. § 2643(b) (2006).  In *Callanish*, the court was unable to make a proper

determination of the domestic value of the merchandise based on the complaint and the motion

for default judgment then before the court.  *Callanish*, 34 CIT at __, Slip Op. 10-124 at 7.  The

court noted that "[t]he amended complaint seeks a penalty of $17,734,926, which plaintiff alleges

to be the domestic value of the fifty-two consumption entries of [evening primrose oil] that it

alleges to have been fraudulently imported . . . ."  *Id.* at __, Slip Op. 10-124 at 6.  The First

Amended Complaint, however, offered only a "conclusory statement of the domestic value" on

which the court could not rely in reaching a decision on the appropriate amount of any civil

penalty.  *Id.* at __, Slip Op. 10-124 at 7.  Any default judgment for a civil penalty under section

---

[1] USCIT Rule 15(a) was amended, effective January 1, 2011, in ways not pertinent to the
question presented here.

592 must be grounded in a determination of domestic value because the domestic value of the

merchandise is a statutory limit on any penalty recovery.  *See* 19 U.S.C. § 1592(c)(1).

The Second Amended Complaint adds to the First Amended Complaint a single

paragraph, paragraph 88, addressing the question of the domestic value of the imported

merchandise.  Second Amended Compl. ¶ 88.  The paragraph states as follows:

> Customs appraised the merchandise referenced in paragraphs 18 through 84 in
> accordance with law.  *See* 19 U.S.C. § 1606; 19 C.F.R. § 162.43(a).  The appraisal
> worksheet signed by the relevant Customs officer is included in the Appendix at
> A159-164.  For each entry, the domestic value of the merchandise was limited by
> Customs policy to no more than twice the entered value of the merchandise; for each
> entry, the domestic value was calculated by multiplying the entered value of the
> merchandise by two.  The total domestic value of Entries 1 through 53, excluding
> Entry 2 for which Plaintiff no longer seeks a penalty, is $17,734,926.

*Id.*  This paragraph concludes by listing, in separate subparagraphs, the alleged domestic value of

the merchandise that is the subject of each entry at issue in this case.  *Id.* ¶ 88(a)-(aaa).

The Tariff Act does not define the term "domestic value of the merchandise" as used in

section 592(c)(1), 19 U.S.C. § 1592(c)(1).  The Senate Report accompanying the Customs

Procedural Reform and Simplification Act of 1978, which enacted section 592(c)(1) in its current

form, provides that "domestic value is generally equivalent to retail value . . . ."  S. Rep. No.

95-778, at 19 (1978).

The Tariff Act, in section 606, a provision plaintiff cites in paragraph 88 of the Second

Amended Complaint, directs Customs to "determine the domestic value, at the time and place of

appraisement, of any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs

laws."  19 U.S.C. § 1606 (2006).  In § 162.43(a) of the Customs regulations, Customs has

defined the term "domestic value" for purposes of section 606 as "the price at which such or

similar property is freely offered for sale at the time and place of appraisement, in the same

quantity or quantities as seized, and in the ordinary course of trade." 19 C.F.R. § 162.43(a)

(2003).[2]  Although the definition of "domestic value" in paragraph (a) of § 162.43 governs

appraisal of seized property, the Customs regulations apply this definition to property not under

seizure, providing that "[t]he basis for a claim for forfeiture value or for an assessment of a

penalty relating to the forfeiture value of property not under seizure is the domestic value as

defined in paragraph (a) of this section, except that the value shall be fixed as of the date of the

violation." *Id.* § 162.43(b).  The regulation lends further clarity to the term "date of the

violation" by specifying that "[in] the case of entered merchandise, the date of the violation shall

be the date of the entry, or the date of the filing of the document, or the commission of the act

forming the basis of the claim, whichever is later." *Id.*

     The term "assessment of a penalty relating to the forfeiture value of property," as used in

§ 162.43(b), reasonably can be construed to apply to a determination of domestic value for

purposes of administrative penalty assessment under section 592(b) of the Tariff Act, but a

narrower reading is also plausible.[3]  In paragraph 88 of the Second Amended Complaint,

plaintiff, on behalf of Customs, cites § 162.43(a) in support of the representation that "Customs

appraised the merchandise referenced in paragraphs 18 through 84 in accordance with law."  The

court may infer from the Second Amended Complaint that Customs construes 19 C.F.R. § 162.43

---

[2] The provision further states that "[i]f there is no market for the seized property at the place of appraisement, such value in the principal market nearest to the place of appraisement shall be reported." 19 C.F.R. § 162.43(a) (2003).

[3] Provisions of the Tariff Act of 1930 other than section 592, most notably section 596, 19 U.S.C. § 1595a (2006), also provide for penalty assessment.  Section 596 provides for both penalties and forfeitures relating to imported merchandise.  *See* 19 U.S.C. § 1595a(b), (c). Section 592 also provides for seizure and forfeiture, but seizure and forfeiture are available under section 592 only in limited situations.  *See* 19 U.S.C. § 1592(c)(11) (2006).

to apply to an appraisal to determine domestic value for purposes of penalty assessment under

19 U.S.C. § 1592(c)(1).  The court defers to an agency's reasonable construction of its own

regulation.  *See American Signature, Inc. v. United States*, 598 F.3d 816, 827 (Fed. Cir. 2010)

("In general, '[t]he agency's construction of its own regulations is of controlling weight unless it

is plainly erroneous or inconsistent with the regulation.'") (quoting *Reizenstein v. Shinseki*, 583

F.3d 1331, 1335 (Fed. Cir. 2009) (internal quotation omitted)).  The court concludes, therefore,

that the definition of "domestic value" as set forth in § 162.43(a) and applied according to

§ 162.43(b) was binding upon Customs when Customs appraised the imported merchandise for

purposes of determining domestic value in the administrative penalty proceeding that Customs

conducted under section 592(b) of the Tariff Act.  *See* Second Amended Compl. ¶ 89.

      The regulation required, *inter alia*, that Customs determine the domestic value of the

evening primrose oil in the various entries according to the price at which the merchandise or

similar merchandise was freely offered for sale in the ordinary course of trade.  19 C.F.R.

§ 162.43(a).  Paragraph 88 of the Second Amended Complaint does not allege specifically that

such a procedure was followed; however, it does contain a conclusion of law, stating that the

appraisement "was in accordance with law" and citing as support 19 C.F.R. § 162.43(a).

Paragraph 88 alleges only one fact pertaining to the method of appraisal, stating that "the

domestic value was *calculated* by multiplying the entered value of the merchandise by two."

Second Amended Compl. ¶ 88. (emphasis added).  The difficulty facing the court in determining

the domestic value from the facts alleged in the Second Amended Complaint is that paragraph 88

describes a method of appraisement inconsistent with that required by § 162.43.  Although the

paragraph explains that "the domestic value of the merchandise was limited by Customs policy to

no more than twice the entered value of the merchandise," this explanation is unavailing.

Construed according to the standard established by § 162.43(a), such a policy can be only a

limitation on appraisement, not a method of appraisement.

The "appraisal worksheets" to which reference is made in paragraph 88 do not solve the

problem facing the court.  These documents are not incorporated into the Second Amended

Complaint, but even had they been so incorporated, they would not aid the court in making the

requisite finding.  The worksheets consist of two documents, each titled "Receipt for

Merchandise Seized," with attached schedules listing, *inter alia*, the dutiable value and the

domestic value of the merchandise on each of the fifty-two entries, set forth in amounts doubling

the dutiable values.  Pl.'s Request for Default J. as to Callanish Ltd. A159-A164 (May 8, 2008),

ECF No. 10.  Each document contains a signed certification that "this is a true and correct

appraisal."  These certifications shed no light on the method of appraisement and, therefore,

would not suffice as an allegation that Customs followed the procedure of § 162.43.

In this proceeding to recover a civil penalty by default judgment, the court is not bound

by the appraisement Customs conducted on the imported evening primrose oil during the

administrative penalty proceeding.  *See* 19 U.S.C. § 1592(e)(1) ("Notwithstanding any other

provision of law, in any proceeding commenced by the United States in the Court of International

Trade for the recovery of any monetary penalty claimed under this section . . . all issues,

including the amount of the penalty, shall be tried de novo"); USCIT R. 55(b)(2) ("The court

may conduct hearings . . . when to enter or effectuate judgment it needs to . . . determine the

amount of damages or other relief").  For the reasons identified, the court is unable to enter

judgment based on that appraisement.  Because it appears to the court, based on the facts as pled

in the Second Amended Complaint, that the only appraisal of the merchandise available at this

time was not conducted according to law, the court considers it unlikely that the question of the

domestic value of the merchandise will be resolved by further amendment of the complaint. The

court considers it appropriate to hold in abeyance any ruling on plaintiff's application for a

default judgment pending resolution of the appraisement question. The court will order a further

administrative procedure consisting of a new appraisal to determine the domestic value of the

merchandise on the fifty-two entries at issue in this case. *See* 28 U.S.C. § 2643(b) (authorizing

the court to "order such further administrative or adjudicative procedures as the court considers

necessary to enable it to reach the correct decision."); USCIT R. 55(b)(2).

### III.  CONCLUSION AND ORDER

From its review of the Second Amended Complaint and of plaintiff's application for

judgment by default, the court concludes that it is unable to enter judgment in this action and that

it is appropriate to order further procedures. Therefore, upon consideration of all papers and

proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's filing of the Second Amended Complaint on December 22,
2010, ECF No. 25, be, and hereby is, deemed to be a motion for leave to amend the complaint; it
is further

**ORDERED** that plaintiff's motion for leave to amend the complaint be, and hereby is,
GRANTED, and the Second Amended Complaint is hereby accepted for filing as of
December 22, 2010; it is further

**ORDERED** that plaintiff, as "further administrative or adjudicative procedures" pursuant
to 28 U.S.C. § 2643(b), shall arrange for a new appraisal of the merchandise imported on the
fifty-two entries that are the subject of this action; it is further

**ORDERED** that plaintiff shall file with the court a report of the new appraisal no later
than sixty (60) days from the date of this Opinion & Order; it is further

**ORDERED** that plaintiff's application for a judgment by default be, and hereby is, held
in abeyance pending further procedures as described herein; and it is further

**Court No. 03-00658**                                                    **Page 12**

      **ORDERED** that in that absence of a timely filing of a report of a new appraisal, plaintiff will be required, through a subsequent order, to show cause why this case should not be dismissed pursuant to USCIT Rule 41(b).

 /s/ Timothy C. Stanceu        
Timothy C. Stanceu
Judge

Dated: February 1, 2012
      New York, New York