Slip Op. 13-43

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES**, | |
| Plaintiff, | |
| v. | Before: Timothy C. Stanceu, Judge |
| **CALLANISH LTD.**, | Court No. 03-00658 |
| Defendant, | |

## OPINION

[Awarding judgment by default on plaintiff's claim to recover civil penalty]

Date: March 28, 2013

*Domenique Kirchner*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were *Stuart F. Delery*, Assistant Attorney General, and *Jeanne E. Davidson*, Director. Of counsel on the brief were *Kevin B. Marsh*, Assistant Chief Counsel, and *Karen R. Hiyama*, Assistant Chief Counsel, U.S. Customs and Border Protection, of New York, NY.

Stanceu, Judge: Plaintiff United States seeks to recover a civil penalty under section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592 (2006) ("section 592"), from Callanish Ltd. ("Callanish"), a British corporation with a business address in Scotland. Plaintiff alleges that Callanish, by means of fraud, unlawfully "introduced or aided or abetted another to enter or introduce, or attempt to enter or introduce" capsules of evening primrose oil ("EPO") into the commerce of the United States on fifty-two consumption entries made between September 1, 1988 and March 24, 1992. Second Am. Compl. ¶¶ 4, 18 (Dec. 22, 2010), ECF No. 25.

Before the court is plaintiff's renewed request for a judgment by default, in which plaintiff seeks a civil penalty of $9,943,249.12, an amount equal to the appraised domestic value of the merchandise, as determined by U.S. Customs and Border Protection ("Customs" or "CBP"), on the fifty-two merchandise entries. Pl.'s Notice of Filing of New Appraisal & Renewed Req. for Default J. as to Callanish Ltd. (May 1, 2012), ECF No. 34 ("Pl.'s Req."). For the reasons stated in this Opinion, the court will award a civil penalty in the amount sought by plaintiff, the statutory maximum permitted under section 592 for a violation occurring by fraud.

## I. BACKGROUND

Background information on this case is included in the court's previous opinions. *See United States v. Scotia Pharmaceuticals Ltd.*, 33 CIT __, __, Slip Op. 09-49, pp. 3-6 (May 20, 2009) ("*Scotia Pharamaceuticals*"), *United States v. Callanish Ltd.*, 34 CIT __, __, Slip Op. 10-124, pp. 2-5 (Nov. 2, 2010) ("*Callanish I*"), and *United States v. Callanish*, 36 CIT __, __, Slip Op. 12-15, pp. 2-5 (2012) ("*Callanish II*"). Supplementary background information is provided herein.

In *Scotia Pharmaceuticals*, the court denied plaintiff's initial request for a default judgment against Callanish because plaintiff's original complaint failed to allege any acts or omissions by Callanish that, if presumed true, would amount to a fraudulent violation of section 592. *Scotia Pharmaceuticals*, 33 CIT at __, Slip Op. 09-49, at 9. In *Callanish I*, the court declined to award a default judgment upon plaintiff's first amended complaint, ruling that this complaint, in alleging that the domestic value of the merchandise on the fifty-two entries was $17,734,926, "lacks any well-pled fact concerning the domestic value of the merchandise or how that value was determined." *Callanish I*, 34 CIT at __, Slip Op. 10-124, at 6-7. In *Callanish II*, the court noted that plaintiff's second amended complaint (the "Complaint"), although alleging

that the merchandise had been appraised according to law, stated that the merchandise had been appraised simply by doubling the entered value of the merchandise, a method the court held not to satisfy the requirements of § 162.43(a) of the Customs regulations (19 C.F.R. § 162.43(a) (2011)). *Callanish II*, 36 CIT at __, Slip Op. 12-15, at 6. The court ordered Customs to conduct "a new appraisal to determine the domestic value of the merchandise on the fifty-two entries at issue in this case" and "[held] in abeyance any ruling on plaintiff's application for a default judgment pending resolution of the appraisement." *Id.* at __, Slip Op. 12-15, at 11. On May 1, 2012, plaintiff submitted an appraisal estimating the domestic value of the merchandise to be $9,943,249.12 and a renewed request for a default judgment awarding a civil penalty in that amount. Pl.'s Req. 1-2. In a letter dated August 10, 2012, the court requested that plaintiff file a copy of a Customs Directive, "Appraising Seized Property," CBP Directive No. 5240-001A § 5.11 (Nov. 13, 2005), to which plaintiff had directed the court for a description of the procedure it used in the new appraisement. Plaintiff filed the requested document on August 14, 2012. Pl.'s Not. of Filing of Redacted Doc. (Aug. 14, 2012), ECF No. 36.

## II. DISCUSSION

The court has jurisdiction over this action according to section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1582(1) (2006). Under section 592, the court determines all issues *de novo,* including the amount of any penalty. 19 U.S.C. § 1592(e)(1). In evaluating an application for judgment by default, the court accepts as true all well-pled facts in the complaint but must reach its own legal conclusions. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (quoting *Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (internal quotations and other citations omitted)); 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998).

Under section 592(a), 19 U.S.C. § 1592(a), it is unlawful for any person, by fraud, gross negligence, or negligence, to enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of material and false documents, statements, or acts or material omissions, or to aid or abet another to do so. 19 U.S.C. § 1592(a)(1)(A), (B). Penalty liability accrues "[w]ithout regard to whether the United States is or may be deprived" of lawful revenue. *Id.* § 1592(a)(1). Accordingly, in ruling on plaintiff's application the court must determine whether the well-pled facts in the Complaint, if accepted as true, establish liability for a violation of section 592(a) and if so, the amount of the civil penalty to be awarded.

The entries giving rise to this case occurred during a period in which EPO could not be sold legally in the United States, the U.S. Food and Drug Administration ("FDA") having determined and having announced in a series of import alerts beginning in 1985 that EPO was not approved for use as a drug or food supplement. Second Am. Compl. ¶¶ 5, 12-13, 16, 19, 86. During that period, the FDA directed Customs to detain all shipments of EPO. *Id.* ¶ 5 (citing Admin. R. Doc. Nos. 70-75).

The Complaint contains a complex set of allegations involving numerous parties in addition to Callanish.[1] However, the court is able to find within the complaint, construed as a whole, sufficient factual allegations that, if presumed true, establish that Callanish has incurred

---

[1] Not all of the allegations of false statements made upon entry allege that the statements were made with fraudulent intent, and the court cannot conclude, absent additional allegations, that all of the alleged false statements were material within the meaning of section 592. *See*, *e.g.*, Second Am. Compl. ¶ 22 (Dec. 22, 2010), ECF No. 25 (alleging that the Netherlands was falsely declared as the country of origin on several entries without alleging that the statements were made to intentionally mislead Customs, without setting forth facts establishing materiality, and stating, inconsequentially, that "[i]t is necessary for Customs to determine the true country of origin as different countries receive different preferences."). Although the complaint does not so plead, and the court does not so conclude, the circumstances of the false country of origin designation may have had the potential to conceal an unlawful import scheme.

civil penalty liability for aiding or abetting a fraudulent violation of section 592 as to each of the fifty-two entries identified in the complaint.

　　　　Callanish is alleged to have knowingly participated in a criminal scheme under which EPO capsules were clandestinely imported into the United States on the fifty-two consumption entries. The alleged scheme involved two importers of record, named in the complaint as Pine Lawn Farms ("PLF") and Genesis II of Mid-America ("Genesis II"). Second Am. Compl. ¶¶ 10, 12. Chester Lockhart, a resident of Missouri who served as the principal of Genesis II and agent of PLF, pleaded guilty to a violation of 18 U.S.C. § 542 for fraudulently importing EPO by means of those same fifty-two entries. *Id.* ¶ 14, App. A104-34. The criminal information, incorporated by reference into the complaint, sets forth additional details of the fraudulent scheme to conceal from Customs and the FDA the fact that the merchandise was EPO and that the actual U.S. buyer of the merchandise was Health Products International, Inc. ("HPI"), an entity known to the FDA and Customs as a marketer of EPO for sale in the United States as a food supplement. *Id.*

　　　　On fifty of the fifty-two entries, entry documentation falsely and variously described the capsules as containing Vitamin E or as containing "Alpha-Tocopheryl" or "Alpha-Tocopherol," "Tocopherols," or "derivatives" of tocopherols, all of which terms refer to forms of Vitamin E or to names by which Vitamin E is known. *Id.* ¶¶ 26-46, 48-49, 51, 53-59, 60, 62-63, 65-84. For two entries, the court is not able to conclude that a false merchandise description was used. Documentation on one such entry described the merchandise as "Hard Gelatin Capsules containing Vegetable Seed Oil," *id.* ¶ 47, a description that the complaint characterizes as false but that is true in a technical sense. For another entry, the complaint does not provide a

merchandise description but alleges that the merchandise was entered without being identified as EPO.  *Id.* ¶ 60.

All the descriptions of the capsules as containing some form of Vitamin E were false and were material, as Customs would thereby be prevented from effectuating the FDA controls on EPO importations.  For the remaining two entries, the fact that the merchandise consisted of capsules of EPO, a substance for which the FDA prohibited importation absent its approval, is a material fact.  Entry documents submitted to Customs are required to have "[a] detailed description of the merchandise, including the commercial name by which each item is known." 19 U.S.C. § 1481(a)(3) (1988).  Therefore, entry documentation that omitted or concealed the fact that the merchandise was EPO contained a "material omission" within the meaning of section 592(a).  From the allegations set forth, the court concludes that the complaint pleads facts that, if presumed true, establish for all fifty-two entries of EPO that the importers of record named in the complaint violated section 592(a) by entering the merchandise by means of material false statements or material omissions.

The complaint pleads sufficient facts to establish that the two importers of record violated section 592 by means of fraud on all fifty-two entries of merchandise.  With respect to all of the entries, Mr. Lockhart pleaded guilty to the criminal information, which recounts the intentional use of the descriptions of the merchandise as forms of Vitamin E and other intentional steps taken by Lockhart, HPI, and others to conceal from Customs and the FDA the true nature of the merchandise and the identity of the buyer.  Compl. ¶ 14, App. A104-34.

When fraud is alleged under section 592, "liability for aiding or abetting [that fraud] requires . . . proof of knowledge of unlawfulness" or "intent to violate the law."  *United States v. Hitachi Am., Ltd.*, 172 F.3d 1319, 1338 (Fed. Cir. 1999).  The complaint meets this standard.  It

alleges that from 1988 to 1992 Callanish was "the manufacturer and shipper of the EPO at all times relevant to this complaint." Compl. ¶ 8. It further alleges, for each of the fifty-two entries at issue, that "Callanish shipped the EPO with knowledge that the importation of EPO into the United States was illegal" and that the EPO "would be entered under cover of false documents." *Id.* ¶¶ 24-48, 53-57, 59, 61-63, 65-70, 72-84.

The civil penalty under section 592 cannot exceed the domestic value of the merchandise. 19 U.S.C. § 1592 (c)(1), (e). Pursuant to its own regulation, Customs is to determine the domestic value of merchandise according to the price at which that or similar merchandise was freely offered for sale in the ordinary course of trade. 19 C.F.R. § 162.43 (1988). Here, however, Customs informs the court that there was no available information on the price at which EPO would have sold in the relevant time period. Customs, therefore, appraised the merchandise based on landed cost, according to a presumption that the importer would not have sold the merchandise for less than what it cost to import the merchandise.[2] Decl. of Yvonne P. Williams ¶¶ 3-6, 10-11 (May 1, 2012), ECF No. 34-1; "Appraising Seized Property," CBP Directive No. 5240-001A § 5.11 (Nov. 13, 2005). The court considers this a reasonable presumption in the circumstance presented, in which there was no legitimate market because sale of EPO as a dietary supplement was unlawful at the time in question. The amount of the new appraisal was $9,943,249.12. *Id*. ¶ 11. This court determines this appraisal of domestic value to be reasonable, lawful, and sufficient to allow recovery of a civil penalty under section 592.

---

[2] The appraising officer defined "landed cost" as "the cost of the merchandise when last purchased, plus all duties, fees, broker's charges, . . . unloading charges, and U.S. freight charges to bring the property to the importer's premises." Decl. of Yvonne P. Williams ¶ 5 (May 1, 2012), ECF No. 34-1 (citing "Appraising Seized Property," CBP Directive No. 5240-001A § 5.11 (Nov. 13, 2005)).

The amount of the penalty in a section 592 action is within the sound discretion of the court, 19 U.S.C. § 1592(e)(1), but by statute, *id.* § 1592(c)(1), cannot exceed the domestic value of the merchandise. *See United States v. Ford Motor Co.*, 463 F.3d 1268, 1285 (Fed. Cir. 2006) ("A trial court has considerable discretion to award civil penalties within the statutory range."). As an aggravating factor, the court notes that the defendant and importers of record resorted to a scheme to circumvent an import control imposed by the FDA—an agency charged with protecting public health and safety.[3] There are no apparent mitigating circumstances that convince the court to award a penalty in a lower amount. For these reasons, the court will award a penalty in the amount sought by plaintiff.

### III. CONCLUSION

Based on the well-pled facts in plaintiff's Second Amended Complaint and plaintiff's revised appraisal of the domestic value of the merchandise, the court awards plaintiff a civil penalty of $9,943,249.12 against defendant Callanish. The court will enter a default judgment in this amount plus post-judgment interest as provided by law.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: March 28, 2013
   New York, New York

---

[3] Since these entries occurred, U.S. Customs and Border Protection has recognized a public health and safety violation as an aggravating factor to consider when determining the amount of penalty for a violation of 19 U.S.C. § 1592. *See* 19 C.F.R. Part 171 App. B(F)(2)(a)(ii) (2001).

Slip Op. 13- 43

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES**, <br><br> Plaintiff, <br><br> v. <br><br> **CALLANISH LTD.**, <br><br> Defendant, | **Before: Timothy C. Stanceu, Judge** <br><br> **Court No. 03-00658** |

## JUDGMENT

In accordance with the opinion issued this date in *United States v. Callanish Ltd.*, Court No. 03-00658, after reviewing all submissions in this matter, and after due deliberation, it is hereby

**ORDERED** that plaintiff's application ("Plaintiff's Notice of Filing of New Appraisal and Renewed Request for Default Judgment as to Callanish Ltd."), as filed on May 1, 2012, be, and hereby is, granted; it is further

**ORDERED** that judgment by default in favor of plaintiff, awarding a civil penalty in the amount of $9,943,249.12, plus post-judgment interest as provided by law, be, and hereby is, entered against defendant.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: March 28, 2013
New York, New York